IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE CO., a/s/o REBECCA TAYLOR**<br>2 North 2nd Street<br>Harrisburg, PA 17101<br>                     **Plaintiffs(s)**<br>          v.<br><br>**MERCEDES BENZ USA, LLC**<br>13470 International Parkway, Unit 3<br>Jacksonville, FL 32218<br>                     **Defendant(s)** | Civil Action No:<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Pennsylvania National Mutual Casualty Insurance Co. a/s/o Rebecca Taylor, by and through its attorneys, de Luca Levine LLC, hereby files this Complaint against the Defendant, and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Pennsylvania National Mutual Casualty Insurance Co., ("Penn National" or Plaintiff"), at all times relevant hereto, is a Pennsylvania corporation with its principal place of business located at the above-referenced address.

2. At all times material hereto, Penn National provided insurance coverage to Rebecca Taylor (hereinafter "insured" or "Rebecca Taylor"), in connection with her 2021 Mercedes GLS580, VIN 4JGFF8GE7MA386744.

3. Upon information and belief, Defendant, Mercedes Benz USA, LLC (hereinafter "Mercedes"), is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 13470 International Parkway, Unit 3, Jacksonville, FL 32218. Defendant Mercedes' registered agent for service of process is The

Corporation Trust Company at The Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. At all times relevant hereto, Mercedes engaged in the business of designing, manufacturing, marketing, selling, distributing, repairing and/or arranging for the service of its vehicles, including the 2021 Mercedes GLS580, VIN 4JGFF8GE7MA386744 ("subject vehicle") at issue in this case.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Prior to August 3, 2021, Plaintiff's insured, Rebecca Taylor purchased the subject vehicle for her personal use.

8. On August 3, 2021, a fire broke out within the subject vehicle while it was parked at the Pittsburgh International Airport, Atlantic Aviation parking garage, 300 Horizon Drive, Moon, PA.

9. Investigation into the origin and cause of the fire revealed the fire occurred due to a manufacturing defect within the subject vehicle.

10. The fire caused significant damage to the subject vehicle; in response, pursuant to the aforementioned policy, Plaintiff made payments to its insured in the amount of $107,405.20.

11. Pursuant to the terms of the policy and applicable law, Plaintiff is now

subrogated to the rights and claims of its insured against parties responsible for the aforementioned losses and resulting damages to the extent of payments made to its insured.

## COUNT I – BREACH OF IMPLIED AND/OR EXPRESS WARRANTIES
## PLAINTIFF V. MERCEDES BENZ USA, LLC

12. Plaintiff incorporates by reference the averments contained in the preceding paragraphs as if fully set forth at length herein.

13. At the time of the sale and/or distribution of the subject vehicle, Defendant had reason to know the particular purpose for which the subject vehicle would be used, and that its skill and judgment were being relied upon to furnish a suitable vehicle.

14. Thus, Defendant breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code at 13 Pa. C.S.A. § 2-315 in that the subject vehicle was not fit for the particular purpose for which such vehicles are required.

15. In addition, Defendant breached its implied warranty of merchantability as set forth in 13 Pa. C.S.A. § 2-314(c) in that the subject vehicle was not fit for the ordinary uses for which the subject vehicle was used.

16. In addition, Defendant breached any and all express warranties made or relating to the subject vehicle that became part of the basis of the bargain for sale of the subject vehicle in violation of 13 Pa. C.S.A. § 2-313.

17. The damages as set forth above occurred as a direct and proximate result of Defendant's breach of its implied warranties of fitness for a particular purpose and merchantability, and Defendant's breach of its express warranties.

18. Plaintiff's insured has met any and all conditions precedent to recovery for such breach.

19. As a direct and proximate result of the aforementioned defects, Plaintiff's

insured sustained damages to her property and additional expenses.

20.     In response, pursuant to the aforementioned policy, Plaintiff made payments to its insured in the amount of $107,405.20.

21.     Pursuant to the terms of the policy and applicable law, Plaintiff is now subrogated to the rights and claims of its insured against parties responsible for the aforementioned losses and resulting damages to the extent of payments made to its insured.

**WHEREFORE**, Plaintiff, Pennsylvania National Mutual Casualty Insurance Co. a/s/o Rebecca Taylor, respectfully requests judgment against Defendant, Mercedes Benz USA, LLC, in the amount of $107,405.20, together with interest, costs, and such other damages as may properly be awarded by this Court.

### COUNT II – VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAW (UTPCPL)
### PLAINTIFF V. MERCEDES BENZ USA, LLC

22.     Plaintiff incorporates herein by reference all the preceding paragraphs, as though the same were fully set forth at length.

23.     Plaintiff's insured purchased the subject vehicle and was told that it was safely and properly manufactured, designed, inspected, serviced, and tested in conformity with the prevailing standards.

24.     Believing the subject vehicle had been properly manufactured as promised, Plaintiff's insured tendered, and Mercedes accepted payment for the subject vehicle.

25.     The assertions, representations and promises of Mercedes, who held itself as competent and an expert in this area, constitute "unfair or deceptive acts or practices" in violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), as the assertions represented that the product had sponsorship, approval, characteristics, uses, benefits

and quantities that it did not have, in violation of 73 P.S. § 201-2(4)(v).

26. The assertions of Mercedes constitute "unfair or deceptive acts or practices" in violation of the UTPCPL as it represented that the product was of a particular standard, quality or grade and it was not, in violation of 73 P.S. § 201-2(4)(vii).

27. Mercedes knowingly engaged in conduct which created the likelihood of confusion or misunderstanding as more fully described in all of the preceding paragraphs and in violation of the UTPCPL at 73 P.S. § 201-2(4)(xxi).

28. As a direct and proximate result of these violations of the UTPCPL by Mercedes, Plaintiff's insured was caused to suffer damages in the amount of $107,405.20.

29. In response, pursuant to the aforementioned policy, Plaintiff made payments to its insured in the amount of $107,405.20.

30. Pursuant to the terms of the policy and applicable law, Plaintiff is now subrogated to the rights and claims of its insured against parties responsible for the aforementioned losses and resulting damages to the extent of payments made to its insured.

**WHEREFORE**, Plaintiff, Pennsylvania National Mutual Casualty Insurance Co. a/s/o Rebecca Taylor, respectfully requests judgment against Defendant, Mercedes Benz USA, LLC, in the amount of $107,405.20, together with interest, costs, and such other damages as may properly be awarded by this Court.

### COUNT III –VIOLATON OF THE MAGNUSON MOSS WARRANTY ACT
### PLAINTIFF V. MERCEDES BENZ USA, LLC

31. Plaintiff incorporates herein by reference all the preceding paragraphs, as though the same were fully set forth at length.

32. Mercedes vehicles are consumer products as defined in 15 U.S.C. § 2301(1).

33. Plaintiff's insured is a consumer as defined in 15 U.S.C. § 2301(3).

34. Mercedes is a supplier and a warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

35. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

36. Mercedes' express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The defective vehicle's implied warranties are covered under 15 U.S.C. § 2301(7).

37. Mercedes breached these warranties, as described in more detail above, but generally by (a) designing, manufacturing and selling to Plaintiff a vehicle that is defective and unsafe, (b) providing a vehicle that is not merchantable and not fit for its ordinary purpose because it presents an unreasonable risk of catching fire, and (c) not repairing, retrofitting or replacing the vehicle to eliminate the defects.

38. At the time Mercedes sold the vehicle to Plaintiff's insured, it knew that the subject product was defective and had the propensity to start on fire while parked, knew the fire would pose serious safety risks to consumers, and knew that Plaintiff would incur significant costs in purchasing a replacement vehicle.

39. Mercedes is liable to the Plaintiff's insured pursuant to 15 U.S.C. § 2310(d)(1), because it breached the implied warranty of merchantability. Specifically, the subject vehicle had defects that rendered the vehicle incapable of performing the functions that it was intended.

40. Mercedes is liable to Plaintiff's insured pursuant to 15 U.S.C. § 2310(d)(1), because it breached its written warranties to Plaintiff's insured. Specifically, Mercedes breached its written warranties to Plaintiff's insured in that Mercedes failed to provide non-defective vehicle or repairs/retrofits sufficient to render the vehicle non-defective during the warranty

period despite knowledge of the defects and the serious safety risks they pose to Plaintiff's insured.

41. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff's insured is entitled to recover the damages caused to her by Mercedes' breaches of implied and express warranties.

42. Plaintiff's insured has sustained damages in the amount of $107,405.20 as a direct and proximate result of Mercedes' breach of its express and implied warranties.

43. In addition, pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff's insured is entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have been reasonably incurred by Plaintiff in connection with the commencement and prosecution of this action.

44. Pursuant to the aforementioned policy, Plaintiff made payments to its insured in the amount of $107,405.20.

45. Pursuant to the terms of the policy and applicable law, Plaintiff is now subrogated to the rights and claims of its insured against parties responsible for the aforementioned losses and resulting damages to the extent of payments made to its insured.

**WHEREFORE**, Plaintiff, Pennsylvania National Mutual Casualty Insurance Co. a/s/o Rebecca Taylor, respectfully requests judgment against Defendant, Mercedes Benz USA, LLC, in the amount of $107,405.20, together with interest, costs, and such other damages as may properly be awarded by this Court.

**de LUCA LEVINE LLC**


BY: *Richard J. Boyd, Jr.*
**RICHARD J. BOYD, JR.**
PA ID: 84035
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (fax)
rboyd@delucalevine.com
**ATTORNEYS FOR PLAINTIFF**

**Dated:** November 30, 2021